**MARTIN CLEARWATER & BELL, LLC**
220 EAST 42ND STREET
NEW YORK, NY 10017
TELEPHONE (212) 697-3122
FACSIMILE (212) 949-7054

**GREGORY B. REILLY**
**PARTNER**

DIRECT DIAL: (212) 916-0920
E-MAIL: gregory.reilly@mcblaw.com

February 13, 2015

**VIA ECF**

Honorable Magistrate Judge Marilyn D. Go
United States District Court
225 Cadman Plaza East
Room 1214-S
Brooklyn, New York 11201

    Re:    **Eleno Mendez, et al. v. Rosangem Restaurant Inc. d/b/a Casa Pepe Restaurant, et al.**
               Index No. 14-CV-4080
               MCB File No. 08050-083836

Dear Magistrate Judge Go:

       On behalf of Rosangem Restaurant, Inc. d/b/a Casa Pepe Restaurant and Geminiano Sanz (collectively, "Casa Pepe") we respond *in seriatim* to Plaintiffs' counsel's February 6, 2015 letter motion to compel and for other relief:

       1. Defendants have produced the certificate of incorporation for Rosangem Restaurant Inc. d/b/a Casa Pepe to Plaintiff's counsel.

       2. We object to production of the summary analysis described by Plaintiff's counsel. As background, Casa Pepe retained certain time punch card records for each Plaintiff reflecting when they "punched in" and "punched out" of work. We have produced these time punch records in discovery for each of the Plaintiffs. After Plaintiffs commenced this litigation and to aid in Defendants' defense, I requested that Casa Pepe provide me with a review of the hours worked and wages paid for each Plaintiff based upon these records. The documents associated with this analysis are subject to the work product privilege. Plaintiff's counsel has the underlying records, and he could conduct his own analysis.

GBR/np
2442771_1

Honorable Magistrate Judge Go
January 13, 2015
Page 2

Fed. R. Civ. P. 26(b)(3) provides in relevant part that "a party may obtain discovery of documents and tangible things otherwise discoverable . . . and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *See United States v. Adlman,* 134 F.3d 1194 (2d Cir. 1998).

We respectfully submit that Plaintiffs' counsel's February 6, 2015 letter does not begin to meet the standards of "substantial need" or "undue hardship" as all of the underlying documents have been produced, and he can (if he wishes) create his own report and analysis.

3. Defendants consent to the proposed amendment of the Complaint to add Jimmy Sanz as a party defendant.

Thank you for your consideration.

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

/s/
Gregory B. Reilly

cc: Peter Cooper, Esq. (via ECF)

2442771_1